## Case No. 11,129.

### PICO v. UNITED STATES.

[Hoff. Land Cas. 188.] [1]

District Court, D. California. Dec. Term, 1856. [2]

MEXICAN LAND GRANT—FREMONT'S CASE.

Under the ruling of the supreme court in Fremont's Case [17 How. (58 U. S.) 542], this claim is valid.

Claim for eleven leagues of land in Calaveras county, rejected by the board, and appealed by the claimant [Andres Pico].

---

1 [Reported by Numa Hubert, Esq., and here reprinted by permission.]

2 [Reversed in 22 How. (63 U. S.) 406.]

Stanly & King, for appellant.

William Blanding, U. S. Atty., for appellees.

HOFFMAN, District Judge. The claim in this case is founded on a grant made by Governor Pio Pico, June 6th, 1846, and which was approved by the departmental assembly June fifteenth, of the same year. The genuineness of the grant, and of the certificate of approval, is testified to by N. A. Den. No attempt has been made to contradict or impeach him; nor is any doubt suggested as to the authenticity of the papers. A document is also produced from the archives purporting to be a communication from the secretary of the assembly, transmitting the title papers to the secretary del despacho, with the approval of the assembly. The claim was rejected by the board for want of proof of occupation and cultivation. Additional testimony has been taken in this court, from which it appears that in 1848 the grantee had some horses upon the land, and took possession of some improvements made upon it by C. M. Weber.

This evidence is of course wholly insufficient to show a fulfillment of the conditions. But if the grant and other papers be regarded as genuine (and under the evidence we are compelled so to consider them), the grantee obtained a full and complete title from the former government. The failure to perform conditions subsequent, though it might have exposed him to a denouncement of the land, did not, until such a proceeding was had, forfeit it; and his vested title remained unimpaired up to the change of sovereignty. But even if in the case of a complete title we were authorized to declare the land forfeited where the grantee had so unreasonably delayed the performance of the conditions as to justify the presumption that he had abandoned his land, this case would not fall within the principle. The grant was issued about a month before the American flag was raised in this country; the disorder incidental to the invasion of the country would naturally prevent any settlement in remote parts, and it seems unreasonable to say that any failure to perform conditions of a grant issued but a few months before the Mexican authority was finally subverted, justify the inference "that the grantee had abandoned his land during the existence of the former government, and is now seeking to resume it from its enhanced value." Fremont v. U. S., 17 How. [58 U. S.] 542. The land granted is described as "eleven square leagues, bordering on the river Moquelamos, bordering on the north upon the southern shore of said river, on the east upon the adjacent ridge of mountains, on the south upon the land of Mr. Gulnac, and on the west by the extremes of the shore." There would seem to be no difficulty in identifying this tract.

This case was submitted many months ago, without argument or observation of any kind on either side. It was rejected by the board for nonfulfillment of the conditions. But if the grant be really genuine, the nonperformance cannot, under all the circumstances, divest the title which the claimant acquired by the grant of the governor, approved by the departmental assembly. No expediente containing the usual documents (petition, informes, order of concession, diseño, copy of the grant, etc.) has been produced. No diseño or map of the land has been exhibited. The only paper found in the archives is the communication of Botello, transmitting the title with the approval of the departmental assembly to the secretary del despacho, before alluded to. The production, however, of the original title, authenticated by the testimony of an unimpeached and uncontradicted witness, leaves us no alternative but to regard it as genuine, and if the grant was duly made and approved, the title to the land passed to the grantee. To any one acquainted with the facility and unscrupulousness with which, in this class of cases, frauds have been perpetrated and sustained by testimony apparently conclusive, a grant unsupported either by evidence from the archives, or by proof of occupation of the land, must appear suspicious. But even in such cases the court is not at liberty in the face of the uncontradicted testimony of unimpeached witnesses to substitute its own suspicions for proofs. In the case at bar, however, a document is found in the archives, which affords the best if not the only moral evidence of the genuineness of the grant.

Under the proofs in this case, we do not feel warranted in pronouncing the title to be spurious and rejecting the claim.

A decree of confirmation must therefore be entered.

[NOTE. Upon appeal to the supreme court the decree affirming this claim was reversed upon the ground that there was no proof of the genuineness of Gov. Pio Pico's signature. The case was remanded for further evidence. 22 How. (63 U. S.) 406. Upon the subsequent hearing of the case in the district court the claim was rejected. Case unreported. This decree was affirmed by the supreme court upon appeal. 2 Wall. (69 U. S.) 279.]